# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

November 25, 2020

<u>VIA COURIER</u>

Angela D. Caesar
Clerk of Court
333 Constitution Avenue N.W.
Washington D.C. 20001

Re:    *Sean Taitt, et al. v. Islamic Republic of Iran, et al.*, No. 1:20-cv-01557 (D.D.C.)

Dear Clerk of Court:

  I represent Plaintiffs in the above-captioned case, and write to request that all necessary steps be taken to effect service pursuant to 28 U.S.C. § 1608(a)(4) of the Foreign Sovereign Immunities Act ("FSIA") on Defendant the Islamic Republic of Iran ("Iran").  Pursuant to 28 U.S.C. § 1605A, Plaintiffs, victims and family members of victims of the October 12, 2000 bombing of the *U.S.S. Cole*, initiated this action against Iran and Defendant The Republic of Sudan for supporting al-Qaeda in organizing that bombing.  This request implicates Iran only.

  The FSIA governs service over a foreign sovereign and requires that service be made by the methods listed in descending order in 28 U.S.C. § 1608(a)(1)-(4).  As this Court has explained, "[t]he first two methods do not apply in lawsuits against Iran because 'no special arrangement for service' exists between the United States and Iran, 28 U.S.C. § 1608(a)(1), and Iran is not a party to any 'international convention on service of judicial documents,' *id*. § 1608(a)(2)."  *Ewan v. Islamic Republic of Iran*, No. 1:17-cv-1628, 2020 WL 3081939, at *3 (D.D.C. June 10, 2020) (quoting *Aceto v. Islamic Republic of Iran*, No. 1:19-cv-464, 2020 WL 619925, at *14 (D.D.C. Feb. 7, 2020)).  Thus, Plaintiffs must first attempt service on Iran by mail under Section 1608(a)(3), and if unsuccessful, request service to be effected by diplomatic channels under Section 1608(a)(4).

  Section 1608(a)(3) requires the Clerk of the Court to "dispatch[]" a copy of the summons, complaint, and notice of suit prepared pursuant to 22 C.F.R. § 93.2, together with translations thereof, to the head of the ministry of foreign affairs of the foreign state.  28 U.S.C. § 1608(a)(3).  Accordingly, on August 20, 2020, Plaintiffs requested the Clerk of the Court dispatch copies of the summons, complaint, and notice of suit, together with translations thereof, (the "Service Materials"), to the head of Iran's Ministry of Foreign Affairs.  *See* ECF No. 5.  The Clerk of Court acknowledged this request on September 28, 2020.  *See* ECF No. 6.  DHL returned the Service Materials to the undersigned, and on October 23, 2020, advised

**GIBSON DUNN**

Angela D. Caesar
November 25, 2020
Page 2


Plaintiffs that commercial delivery to Iran is not available.  *See* Ex. A, Letter from DHL (advising DHL will not deliver to Iran).  Other carriers also advised the undersigned that commercial delivery to Iran is not available at this time.  *See, e.g.*, *FedEx Express–Countries/Territories Not Served*, FedEx, http://www.fedex.com/be/contact/served-countries.html (listing Iran as "Countries/Territories [n]ot [s]erved until further notice") (last visited Nov. 6, 2020).  Accordingly, service was not and cannot be made on Iran under Section 1608(a)(3).

In such circumstances, Section 1608(a)(4) provides that "[i]f service cannot be made within 30 days" under Section 1608(a)(3), then the Clerk of the Court shall "send[] two copies of the summons, complaint and a notice of suit, together with a translation of each, by any form of mail requiring a signed receipt . . . to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services[.]"  The Secretary of State shall then take steps to effect service through diplomatic channels, and shall send to the Clerk of the Court "a certified copy of the diplomatic note indicating when the papers were transmitted."  *Id.*  Because 30 days have elapsed since Plaintiffs attempted service under Section 1608(a)(3), Plaintiffs now seek to effect service on Iran pursuant to Section 1608(a)(4).

In accordance with that provision, and this Court's guidance regarding service upon a foreign defendant, enclosed please find a copy of the Notice of Electronic Filing, and the following:

1. A certified mailing envelope and label, listing the address for the U.S. Department of State, per this Court's practice and the U.S. Department of State website:

   U.S. Department of State
   CA/OCS/L, SA-17, 10th Floor
   Washington, DC 20522-1710
   Attn: FSIA

2. A cashier's check made out to U.S. Embassy Bern in the amount of $2,275, pursuant to 22 C.F.R. § 22.1;

3. Summons in a Civil Action, ECF No. 4;

4. Complaint, ECF No. 1;

5. Notice of Suit, pursuant to 28 U.S.C. § 1608(a)(4) and 22 C.F.R. § 93.2; and Farsi translations of documents (2)-(7).

GIBSON DUNN

Angela D. Caesar
November 25, 2020
Page 3

      If you have any questions, or if you would prefer to prepare the appropriate materials and return them to me to handle the mailing to the U.S. Department of State, please contact me at (202) 955-8244.

      Thank you for your assistance in this matter.

Sincerely,

Matthew D. McGill